**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **REV. FR. PRISCO E. ENTINES,**<br>**JUSTINA CORCELLES HERNANDEZ,**<br>**FRANCISCO GUTIEREZ FERRER,**<br>**JULIETA TABOADA ABELLA,**<br>**MARIA LAPAY LAURENCIANO, and**<br>**WENCESLAO N. RODRIGUEZ,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **Nos. 06-193C, 06-191C, 06-205C, 06-434C, 06-442C, 06-449C**<br><br>**Judge Wheeler** |

**PLAINTIFFS' OPPOSITION TO GOVERNMENT'S MOTION**
**FOR MORE DEFINITE STATEMENT[1]**

Plaintiffs oppose Defendant's February 23, 2007 motion for more definite statement. The Government's motion should be denied because all that is required in the complaint is simple notice of the facts in dispute. The Government has failed to even allege how the complaints are so vague or ambiguous that it is cannot answer or otherwise respond.

*First*, Rule 12(e) of the Rules of the Court of Federal Claims ("RCFC 12(e)") allows a motion for more definite statement where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The bases of Plaintiffs' claims, as well as their requests for relief, are neither vague nor ambiguous.

Further, Defendant has failed to "point out the defects complained of *and the details desired*." RCFC 12(e) (emphasis added). Rather, Defendant's motion states abstractly it cannot

[1] The Court's Order of September 22, 2006, granted the parties in the six above-captioned cases leave to file consolidated motions "that would be identical for each of the six cases." Because each of the six Plaintiffs objects to the Government's motion for more definite statement, Plaintiffs are filing one consolidated motion pursuant to that Order.

"discern how to properly respond to each and every allegation ….," and asks that the Court order the complaints be redrafted to help the Government decide which claims need to be addressed in its forthcoming responsive paper. Such a request is beyond the scope of RCFC 12(e).

*Second*, the Rules of this Court require simply "a short and plain statement of the claim." RCFC 8(a). Pleadings are to be construed to do substantial justice. RCFC 8(f). Notice pleading is all that is required. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 47-8 (1957) (the rules of procedure "do not require a claimant to set out in detail the facts upon which he bases his claim.... Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.") (footnote omitted); *see also Case, Inc. v. United States***,** 25 Cl.Ct. 379 (1992) (applying the notice pleading rule to a Contract Disputes Act claim). All that is necessary is "a short and plain statement of the claim that gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Coggeshall Development Corp. v. United States,* 23 Cl.Ct. 739, 743 (1991). (quoting *Gould Inc., v. United States* [31 CCF ¶ 76,108], 935 F.2d 1271, 1276 (Fed.Cir.1991) (citations omitted)).

Plaintiffs here have clearly met the notice pleading requirement, as there is no confusion that their claims relate to their own or their family member's service in World War II, and their claims for relief are plainly stated. *See, e.g.*, Complaint of Francisco Gutierez Ferrer at 14, ¶ 1 (asking the Court, among other requests for relief, to "order[] the Defendant United States of America to pay him his back pay in the amount representing the difference between the pay, allowances and mustering out pay that he actually received during World War II, and the same as mandated by the primary basic pay statute in existence at the time of their induction into the United States Armed Forces.").

*Third*, the Government misstates Plaintiffs' January 10, 2007 opposition to the Government's motion to consolidate. Plaintiffs' January 10 filing stated limited discovery may be required because of the likely existence of complete records in the possession of the Department of Veterans' Affairs and because we have had some difficulty communicating with Plaintiffs, some of whom are advanced in age and are not fluent English speakers. Specifically, that motion stated:

> Given the difficulty communicating with the Plaintiffs who are non-English speakers and the likely existence of complete veterans' records in Defendant's

> possession, Plaintiffs will likely seek leave to conduct limited discovery prior to responding to any dispositive motion filed by the Government.

Plaintiff's Opposition to Government's Motion To Consolidate and Request for Limited Discovery ("Plaintiff's Opposition") at 1. Plaintiffs' counsel has expressed no reservations about the allegations in any of Plaintiffs' complaints.

*Fourth*, the cases relied on by the Government for the proposition that a more definite statement is necessary do not even deal with a Rule 12(e) motion. In *Scogin v. United States*, the court granted the Government's motion to dismiss under RCFC 12(b)(4) for failure to state a claim upon which relief can be granted. 33 Fed. Cl. 285, 285 (1995) ("This case is before the court on defendant's motion to dismiss pursuant to RCFC 12(b)(4) for failure to state a claim upon which relief can be granted."). Similarly, *Aldridge v. United States* was decided on the Government's motion to dismiss for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1), or, in the alternative, for failure to state a claim upon which relief can be grated, pursuant to RCFC 12(b)(6). 67 Fed. Cl. 113, 118 (2005). As the Government has filed only a 12(e) motion, neither *Scogin* nor *Aldridge* is applicable.

For all of these reasons, we respectfully request that the Court deny the Government's motion for more definite statement. If Defendant needs more time to prepare its answer or responsive pleading, Plaintiffs would be amenable to concurring in an extension of time.

Respectfully submitted,

/s/ Richard W. Arnholt
Richard W. Arnholt
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005
Tel: (202) 639-6025
Fax: (202) 661-4829

*Counsel of Record for Plaintiffs*

Dated: April 6, 2007

Of Counsel:
David A. Churchill
JENNER & BLOCK LLP